# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID ALLEN CAROON, | Civil No. 13-1646 (MJD/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden STEVE HAMMER, | |
| Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2007, a Minnesota state court jury found Petitioner guilty of conspiracy to commit first degree murder. He was sentenced to 240 months in prison, and he is now serving his sentence at the Minnesota Correctional Facility in Rush City, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal. However, the Minnesota Court of Appeals affirmed Petitioner's conviction and sentence, and the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota Supreme Court denied his subsequent application for further review. State v. Caroon, No. 07-2011 (Minn.App. 2009), 2009 WL 112859 (unpublished opinion), rev. denied, March 31, 2009.

In 2010, Petitioner filed a federal habeas corpus petition in this Court, challenging his state court criminal conviction on several grounds. The claims raised in that petition were considered and rejected, and the petition was dismissed with prejudice. Caroon v. Fabian, No. 10-895 (MJD/SRN), [hereafter "Caroon I"].[3] Petitioner attempted to appeal the dismissal of his petition in Caroon I, but that appeal was summarily dismissed due to untimeliness.

After Caroon I was dismissed, Petitioner attempted to challenge his conviction in a state post-conviction motion brought under Minn.Stat. §§ 590.01 et seq. However, the trial court denied Petitioner's post-conviction motion, and that ruling was later upheld on appeal. Caroon v. State, No. A12-552 (Minn.App. 2012), 2012 WL 4774674 (unpublished opinion), rev. denied, January 15, 2013.

In Petitioner's current habeas corpus petition, which was filed on June 26, 2013, he is once again challenging his 2007 state court conviction for conspiracy to commit murder. Petitioner presently claims that:

(1) there was insufficient evidence to support his conviction;

(2) "The Conspiracy Element is Flawed;"

(3) the prosecution engaged in "foul play," seeking "a conviction at any cost;" and

---

[3] The Magistrate Judge's Report and Recommendation in Caroon I is reported at 2010 WL 4867595, and the District Court Judge's Order adopting that Report and Recommendation is reported at 2010 WL 4853832.

2

(4) he was deprived of his right to effective assistance of counsel.

(Petition, [Docket No. 1], pp. 6-11, § 12.)

It is clear that Petitioner is again seeking federal habeas corpus review of the same conviction and sentence that were before the Court in Caroon I. Thus, the Court finds that the present habeas corpus petition is a "second or successive petition," which must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[4] Under that rule, a federal district court cannot entertain a second

---

[4] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him or her to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the court of appeals in order for a district court to consider a second or successive application for habeas corpus relief); Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

The petition now before this Court is Petitioner's second application for federal

---

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

4

habeas corpus review of his 2007 state court conviction for conspiracy to commit first degree murder. Because Caroon I was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

It appears that Petitioner is attempting to bring new claims in this case, which may be based on new legal arguments that were not presented in Caroon I. Petitioner might believe that he should be allowed to raise his new claims in a new habeas petition without a pre-authorization order from the Court of Appeals, but that notion must be rejected. Even new claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Tompkins,

5

557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the court of appeals). See also Crawford, 698 F.3d at 1088-89 ("the court of appeals may authorize a second or successive petition if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense'") (quoting 28 U.S.C. § 2244(b)(2)(B)).

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's Minnesota state court conviction, unless Petitioner first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals. Therefore, this case must be summarily dismissed for lack of jurisdiction. <u>The United States District Court for the District of Minnesota cannot entertain any habeas claims challenging the conviction at issue, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition</u>.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 4, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims <u>in a new action,</u> <u>if he is able to secure a pre-</u>

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[5] Petitioner is advised, however, that this District Court will not entertain any future habeas corpus petition pertaining to his 2007 state court criminal conviction for conspiracy to commit first degree murder, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[6]

Finally, the Court notes that Petitioner filed several collateral motions with his petition, including (i) an application seeking leave to proceed in forma pauperis, ("IFP"), (ii) a "Motion to Bar the State from Responding to Arguement [sic]," (iii) a "Motion for Acquittal," and (iv) a "Motion to Vacate Conviction and Judgement." (Docket Nos. 4-7.) Having determined that this case must be summarily dismissed for lack of jurisdiction, the Court will recommend that all of Petitioner's collateral motions be summarily denied.

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) can be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it makes more sense to dismiss the present action (without prejudice), and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[6] Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to show that his new petition is not barred by the one-year statute of limitations that applies to habeas corpus petitions brought under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d).

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Petitioner's current habeas corpus claims should be adjudicated on the merits. The Court finds nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 4) be **DENIED**;

3. Petitioner's "Motion to Bar the State from Responding to Arguement [sic]," (Docket No. 5), be **DENIED**;

4. Petitioner's "Motion for Acquittal," (Docket No. 6), be **DENIED**;

5. Petitioner's "Motion to Vacate Conviction and Judgement," (Docket No. 7), be **DENIED**;

6. This action be summarily **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**; and

7. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: July 3, 2013

                                             s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 22, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.